IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DARRELL N. TUCKER,**  :
  :
    **Plaintiff,**  : CIVIL NO. 3:CV-06-1403
  :
v.  : (Judge Caputo)
  :
**UNITED STATES OF AMERICA,**  :
  :
    **Defendant.**  :

## O R D E R

Plaintiff, Darrell N. Tucker, an inmate at the McKean Federal Correctional Institution in Bradford, Pennsylvania, commenced this *pro se* action by filing a *Bivens*[1] civil rights complaint (Doc. 1, Att. 8) in the United states District Court for the Eastern District of Pennsylvania ("Eastern District"). Thereafter, the Eastern District concluded that venue was improper in that Court, and the Eastern District directed the case transferred to this Court by Order dated May 3, 2006. Plaintiff seeks monetary damages for: (1) injuries he allegedly sustained during a bus accident that occurred while Federal Bureau of Prisons ("BOP") officials were transporting him "from the Harrisburg Airport on [a BOP] bus" ((Doc. 1, Att. 8 at 3) ("the bus accident"); (2) injuries he sustained from an assault by another prisoner while he was housed at FCI-Schuylkill ("the assault"); (3) deliberate indifference by prison officials at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") and the Municipal Detention Center in Brooklyn, New York, to Plaintiff's injuries sustained in the bus accident and the assault; (4) FCI-Schuylkill's failure to discipline Plaintiff's assailant; and (5) theft of his property while housed at FCI-Schuylkill. Plaintiff seeks compensatory damages

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

in the amount of $50,450.00 for the personal injuries sustained in the bus accident and the assault, and punitive damages for these injuries and for the Defendants' deliberate indifference to Plaintiff's medical needs.

By Order dated September 21, 2006 (Doc. 2), the Court dismissed Plaintiff's complaint for failure to comply with the Federal Rules of Civil Procedure, and Plaintiff was granted leave to file an amended complaint within twenty (20) days of the date of the Order. The next day, on September 22, 2006, the Court received correspondence from Plaintiff asking for the status of the case and for a copy of the Local Rules of Court for the Middle District of Pennsylvania. Subsequently, the Clerk of Court sent a copy of the Local Rules of Court to Plaintiff. Although the time to file an amended complaint as set forth in the Court's prior Order (Doc. 2) has expired, and Plaintiff has neither filed an amended complaint nor sought an extension of time in which to do so, the Court will grant Plaintiff a twenty-day enlargement of time to file an amended complaint, which comports with the requirements of the Federal Rules of Civil Procedure. Failure to do so will result in dismissal of this case with prejudice.

**ACCORDINGLY, THIS 25th DAY OF OCTOBER, 2006, IT IS HEREBY ORDERED THAT** Plaintiff may file an amended complaint in accordance with the Memorandum and Order of this Court dated September 21, 2006 (Doc. 2) within twenty (20) days from the date of this Order. Failure to do so will result in the closure of this case.

    /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge